#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

JENNIFER LEWIS,

      Plaintiff and
      Counterdefendant,

vs.

                                     Case No. 2:20-cv-00705-JCH-KRS

GREENWICH INSURANCE COMPANY
(erroneously sued as "XL CATLIN"),

      Defendant and
      Counterclaimant.

### STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties for an order pursuant to Fed. R.Civ. P. 26(c), to expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of certain documents produced and the information contained herein, the Court hereby orders as follows:

1.      Plaintiff and Counterdefendant Jennifer Lewis ("Plaintiff") and Defendant and Counterclaimant Greenwich Insurance Company ("Defendant") have sought discovery from each other or third parties, of certain documents and information that constitute confidential information. "Confidential Material," for purposes of this Order, may include any materials within the scope of Fed. R. Civ. P. 26 and 34, including documents disclosed or produced during discovery, deposition testimony and/or transcripts, and any portions of any pleadings or other documents that quote from or summarize the foregoing.

## **DESIGNATION AND DISCLOSURE**

2.   The Parties may designate documents or information as Confidential Material. In the case of documents, such designation shall be made by stamping the word "Confidential" on all pages of the document.

3.   The Confidential Material shall not be disclosed to any persons other than:

   A.   the attorneys for the Parties, and paralegals and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

   B.   officers, directors and/or employees of the Parties who have direct responsibility for assisting such counsel in the preparation and trial of this litigation;

   C.   court reporters, court officials, and the jury involved in this litigation;

   D.   experts, consultants and investigators and their staff who are retained by a Party for this litigation and who have executed a "Written Assurance" in the form attached hereto as Exhibit A;

   E.   any other non-party witnesses or deponents involved in this litigation, who have executed a "Written Assurance" in the form attached hereto as Exhibit A, or deponents in this litigation who agree on the record to maintain the confidentiality of the material; and

   F.   any reinsurer, retrocessionaire, auditor, tax advisor, regulator or other entity or person, including any governmental or regulatory body, to whom any Party or its counsel is contractually or legally obligated to make such disclosure, or deems it necessary to make such disclosure for reinsurance, audit, tax or regulatory purposes in connection with this litigation.

4.      The Confidential Material received by any of the persons in the categories listed above in paragraph 3 shall be used only for purposes of obtaining an adjudication of the claims and defenses in this litigation or for purposes related to this litigation as allowed in subparagraph 3(F).  The Confidential Material shall not be used for any other litigation, whether on the same issues in this case or others, or for any other business or personal purpose. Nothing in this Protective Order shall prevent the Parties from any use of their own Confidential Material. The Confidential Material may not be disclosed to the persons described in categories (D) and (E), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent.

5.      Any recipient of the Confidential Material shall maintain such information in a secure and safe manner, and the recipient shall exercise due and proper care with respect to the storage, custody, access, and use of all such information. In addition, any summary or copy of information contained in the Confidential Material shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing confidential information.

6.      If the Court orders that access to or dissemination of the Confidential Material shall be made to persons not included in paragraph 3 above, such Confidential Material shall only be accessible to, or disseminated to, such persons after they have executed a "Written Assurance" in the form attached hereto as Exhibit A.

7.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the

action. A copy of this Protective Order shall be served along with any Subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production to all counsel of record, during which period any party may designate such documents as "Confidential" pursuant to the terms of this Protective Order.

8. Any party who/that fails to identify any produced document(s) as "Confidential" shall, promptly upon discovery of his/her/its failure to so designate such document(s), provide written notice of the error to all counsel and substitute appropriately designated document(s). Any party receiving such improperly designated document(s) shall retrieve such document(s) from persons not entitled to receive such document(s) and, upon receipt of the substitute document(s), shall return or destroy the improperly designated document(s).

9. Any party may request a change in the designation of any information designated "Confidential." No such document shall be treated as redesignated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

## **NO WAIVER**

10. The disclosure of the Confidential Material pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual

property, proprietary, or other rights to or in such information. No action taken in accordance with this Protective Order shall, other than is set forth hereinabove, be construed as a waiver of any statutory or common-law privilege or other protection from production, any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

## USE IN DEPOSITIONS

11. The Confidential Material may be used at a deposition involving a party or party's representative, and the terms of this Protective Order shall apply. The Confidential Material may be used at a deposition involving third-party witness referenced in paragraph 3(E) above if: (a) the counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes a "Written Assurance" in the form attached hereto as Exhibit A. If the witness declines to execute the "Written Assurance" or otherwise maintain the confidentiality of the material, the party seeking to use such Confidential Material must obtain leave from the Court before disclosing the material to the witness.

12. The deposition, or any portion thereof, of any witness who does or may possess Confidential Material shall be taken only in the presence of persons who are hereby authorized to have access to such information. The designation of information as Confidential Material shall constitute a certification by the attorney making the designation that he or she believes in good faith that the material is entitled to confidential protection.

13. All depositions or portions of depositions taken in this action that contain Confidential Material may be designated "Confidential" and thereby obtain the protections

accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to all counsel within 14 days after receipt of the officially prepared transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the officially prepared transcript.

### APPLICATION OF THE PROTECTIVE ORDER AND CHALLENGES TO A PARTY'S DESIGNATION OF CONFIDENTIAL MATERIAL

14. This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain or refer to the Confidential Material.

15. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for sealed records for the U.S. District Court, District of New Mexico.

16. Nothing in this Protective Order shall affect the admissibility into evidence of the Confidential Material, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of the Confidential Material.

17. A party's compliance with this Order shall not constitute an admission that information designated by the other party as Confidential Material is, in fact, confidential information. The Parties may challenge each other's designation of information as Confidential Material by filing a motion requesting further disclosure or declassification of Confidential

Material. The disputed material shall continue to be treated as confidential until such motion is determined by the Court. Nothing herein shall affect a party's right to contest any assertion or finding of confidentiality or privilege and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

## **CONFIDENTIAL INFORMATION AT TRIAL**

18. The Parties to this Protective Order expressly reserve at this time a determination as to the manner in which the Confidential Material subject to this Protective Order may be used in an evidentiary hearing or at trial. Special procedures or in camera treatment, if any, may be determined in the future.

## **SPECIFIC DISCLOSURE**

19. By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of the subject documents in a particular circumstance without prejudice to the continued application of this Protective Order regarding other uses of that the Confidential Material.

## **MODIFICATION**

20. This Protective Order may be modified only by Order of the Court. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

## RETURN OR DESTRUCTION OF THE DESIGNATED CONFIDENTIAL DOCUMENTS

21. Within 60 days after final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the Parties shall either return or destroy the Confidential Material that are the subject of this Protective Order and provide written confirmation to the other counsel of record that the return or destruction of the Confidential Material has occurred, or, if required by law or regulation to retain the Confidential Material, shall maintain the confidentiality of the Confidential Material.

22. The obligations imposed by this Confidentiality Order shall survive the termination of this action.

**IT IS SO ORDERED.**

_____
HONORABLE KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE


Agreed to by:

TRENCHARD & HOSKINS

By: _/s/ Sean Wang_____
Royce E. Hoskins
Sean Wang
P.O. Box 1995
Roswell, NM 88202-1995
royce.hoskins@gmail.com
sean.wang@gmail.com
*Attorneys for Plaintiff Jennifer Lewis*
CIVEROLO, GRALOW & HILL, P.A.

By: */s/ David M. Wesner* _____
Lisa Entress Pullen
David M. Wesner
P.O. Box 93940
Albuquerque, New Mexico 87199
(505) 842-8255
pullenl@civerolo.com
wesnerd@civerolo.com

and

CLYDE & CO. US LLP
Bruce D. Celebrezze
Michael A. Topp
Four Embarcadero Center, Suite 1350
San Francisco, CA 94111
(415) 365-9800
bruce.celebrezze@clydeco.us
michael.topp@clydeco.us
*Attorneys for Defendant, Greenwich Insurance Company (Incorrectly Named As "XL Catlin")*

## **EXHIBIT A**

## **WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____.

My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____. I have read and I understand the terms of the Protective Order dated _____ (ECF No. ___), filed in Case No. 2:20-cv-00705-JCH-KRS, pending in the United States District Court for the District of New Mexico. I agree to comply with and be bound by the provisions of this Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 60 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession

1

designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

     I submit myself to the jurisdiction of the United States District Court for the District of New Mexico for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

_____                        _____
(Date)                                                                                                            (Signature)